[No. 3474.]

## NASHOTAH MINES CO. v. DYER.

1. DAMAGES—*Contract for Service.* The defendant, a mining company, agreed to give plaintiff "the hauling of all concentrates" and "all freight," between certain localities, at a certain price, the contract to be of force for one year. Defendant made no agreement to operate its plant for any definite period, nor to afford any specific amount of hauling to plaintiff. It not appearing that plaintiff was at any expense in his preparations to perform his contract, it was held that his recovery, if anything, was to be measured by what, at the contract price, for services within the contract, for which during the period thereof, the defendant had employed others.

*Appeal from Clear Creek County Court.* HON. WAL-TER H. HOBBS, Judge.

Mr. H. RIDDELL, for appellant.

Messrs. SABIN and BLACKMAN, for appellee.

Presiding Judge SCOTT delivered the opinion of the court.

Appellee brought suit against the appellant in the county court of Clear Creek county upon a written contract made between the parties on the 15th day of August, 1907, in which the Mines Company, as the first party, agreed to "give to the party of the second part, the hauling of all concentrates from their mill at Silver Plume to cars at Silver Plume,

or to the Sampler of Chamberlin-Dillingham at Georgetown, as the party of the first part may di-. rect, and all freight of any nature from the depot at Silver Plume, to the Nashotah Mill."

The prices for such services are then agreed upon and the appellee agrees "that he will use due diligence in handling said freight, and keep at work sufficient teams at all times to handle said freight expeditiously as same may be needed by party of the first part." The contract was to last for a period of one year.

The plaintiff alleged full compliance with the terms of the agreement upon his part, and that:

"The defendant has violated the terms and conditions of said agreement and does now refuse to comply with the terms and conditions of said agreement on its part to be performed and refuses to permit the plaintiff to do the hauling, and has employed, and is now employing, another party to haul its ore from the defendant's mill.

"That the plaintiff has kept and maintained sufficient teams for the purpose of hauling said ore and comply with the terms and conditions of said agreement and has in so doing been to great outlay and expense."

The cause was tried to the court without a jury and which very generously rendered judgment for plaintiff in the sum of $1,045.00, or $45.00 more than plaintiff claimed.

From this judgment an appeal was taken to the supreme court. The defendant offered no testimony and there seems to be a complete failure of proof upon the part of the plaintiff as to any element of damage proper under the agreement.

The plaintiff was unable to even guess at the amount of hauling which defendant had contracted or paid for, to other persons during the period covered by agreement.

The defendant kindly offered him certain receiped bills for such services, which were introduced in evidence without identification or testimony concerning the same, and which aggregated the total sum of $82.92.

It appears that the defendant ceased operations and closed down its plant about January 9th, after the execution of the contract.

But the plaintiff introduced testimony tending to show that he kept two four-horse teams during the period covered by the agreement, which cost him for feed about $150.00 per month, and that he could have put the horses out on pasture for $5.00 per month.

And that he paid one work hand $70.00 per month and did an equal amount of work himself in caring for his teams, also that he did some work for other persons, not much but all he could get to do.

It will be seen that defendant did not agree to give the plaintiff any specific amount of employment, but all it had, and this it apparently did with the exception of the possible amount of $82.92. It did not agree to operate its plant for any definite period.

The agreement does not show that the plaintiff was required to make any special preparation, or to incur any expense to prepare himself for compliance with the contract, and the testimony is no more enlightening.

There is not sufficient in the record to permit the court to speculate as to whether or not the plaintiff at the time of the contract was carrying on the business of a freightor, and that defendant was one of his patrons.

Plaintiff in his testimony claims for expense and care of his teams for nine and one-half months.

Upon what theory of law the court rendered judgment in the amount it did we cannot even conjecture and therefore cannot discuss, but if it was upon the basis of the expense and care of plaintiff's teams, in this care it is not allowable and was improper.

In this case if damage is allowable at all, it must be measured by the amount of services embraced within the contract which defendant had performed by others than the plaintiff, or denied him, and at the prices contained in the agreement.

The judgment is reversed and the case remanded.

All the judges concurring.